IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ADAM STRAYHORN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| v. | ) | |
| | ) | NO. _____ |
| UNIBLOC-PUMP, INC., a Georgia | ) | |
| Corporation, HARRY SODERSTROM, | ) | |
| and BHAVESH PATEL, | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Adam Strayhorn brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA") in order to remedy his former employers' intentional failure to properly pay wages and overtime due, and shows this honorable Court as follows:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Adam Strayhorn is a resident and citizen of the State of Georgia.  He resides and has resided within the Northern District of Georgia at all relevant times.

1

2.     Defendant Unibloc-Pump, Inc. ("Unibloc") is a Georgia corporation with principal office located at 1701 Ashborough Road, Cobb County, Marietta, GA 30067. Unibloc is subject to service of process through its registered agent, Eric Soderstrom, at said principal office.

3.     Unibloc is subject to jurisdiction in this Court.

4.     Defendant Harry Soderstrom ("Soderstrom") is Chief Executive Officer of Unibloc. Upon information and belief, he is subject to service of process at his residence, 894 Fawn Way, Cobb County, Marietta, GA 30068.

5.     Soderstrom is subject to jurisdiction in this Court.

6.     Defendant Bhavesh Patel ("Patel") was Plaintiff's immediate supervisor at Unibloc, and holds the title of Operations Manager. Upon information and belief, Patel is subject to service of process at his residence, 1657 Kellogg Creek Road, Cobb County, Acworth, GA 30102.

7.     Patel is subject to jurisdiction in this Court.

8.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

9.     Venue is proper in this Court under 28 U.S.C. § 1391(b). A substantial part of the events giving rise to the claim occurred in this district.

10.     Defendant Unibloc is a multi-national company with offices in the United States and Sweden which manufactures and markets industrial parts and

equipment. Unibloc's Marietta facility primarily engages in the production of pumps for use in the meat and poultry industries.

11.     Defendant Unibloc earned gross revenue of more than $500,000 in the past fiscal year.

12.     Defendant Unibloc is an enterprise engaged in interstate commerce for purposes of the FLSA. Unibloc markets, ships, and services equipment in multiple states.

13.     Upon information and belief, Defendants Unibloc, Soderstrom and Patel each is an employer within the meaning of the FLSA at all relevant times.

14.     Each Defendant exercises significant control over operations and employment practices, including wage payments.

15.     Defendants Unibloc, Soderstrom and Patel exercised control over Plaintiff's work on a daily basis.

16.     Defendants Unibloc, Soderstrom and Patel determined the amount of Plaintiff's salary, production schedules and assignment of individuals to particular tasks.

17.     Defendants Unibloc, Soderstrom and Patel had the authority to fire or discipline Plaintiff.

18.     Plaintiff and other employees were engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for

commerce.  Plaintiff and other employees regularly used equipment, tools and other materials which had been moved in interstate commerce in completing their job duties.

## FACTUAL ALLEGATIONS

19.     Plaintiff Adam Strayhorn was employed by Defendants under the job title "pump technician" from 2014 through March 1, 2016.  In that position, Plaintiff's primary job duty was to build meat-processing pumps of various types.

20.     Prior to March 1, 2016, Plaintiff was properly classified as a non-exempt hourly employee.  Plaintiff regularly worked in excess of 40 hours per week, for which he was paid at a rate of one-and-one-half times his regular rate.

21.     Beginning on or about March 1, 2016, Plaintiff was re-classified in the newly-created job position "production supervisor".

22.     The production supervisor position was misclassified as an exempt, salaried position.

23.     Plaintiff's job duties after March 1, 2016, did not meet the requirements of any overtime exemption.

24.     After March 1, 2016, Plaintiff's job duties did not change in any material respect.  His primary job duty continued to be assembly of industrial pumps.

4

25.     Plaintiff continued to work well in excess of 40 hours per week, without payment of any overtime.  Plaintiff worked many hours during weekends building pumps when other pump technicians were not present.

26.     In many instances, Plaintiff was assigned to assemble specific pumps.

27.     Plaintiff was not given a significant degree of control or discretion over the assembly process, or over other employees.

28.     Plaintiff's suggestions regarding hiring, firing, discipline and pay of applicants and employees were not given any weight.

29.     Plaintiff had no discretion regarding other employee's job assignments, scheduling, evaluations, training, production methods, or work conditions.

30.     Defendant Patel controlled virtually every aspect of the pump assembly process.

31.     Plaintiff was required to punch a time clock in order to track his work hours both before and after his job title was changed, except in instances when he was working "off-the-clock."

32.     As a salaried employee, Plaintiff was frequently required to work "off-the-clock."

33.     Plaintiff was required to make deliveries, to pick up parts, and to travel out-of-state for service calls or customer training, but his hours for these tasks were not tracked or compensated.

34.     Plaintiff complained numerous times that he had been misclassified as a salaried employee, but Defendants never addressed the situation.

35.     Plaintiff resigned his position with Defendants due to the excessive number of hours he was required to work without compensation.

## COUNT ONE—VIOLATION OF MINIMUM WAGE LAW

36.     The allegations set forth in paragraphs 1-35 above are incorporated by reference as though fully set forth herein.

37.     Plaintiff was required to work off-the-clock and without compensation on numerous occasions during his employment.

38.     The failure to pay Plaintiff for all hours worked was in violation of the minimum wage provisions of the FLSA.

39.     Plaintiff suffered lost wages due to the failure to pay for all hours worked.

40.     Defendants were aware that Plaintiff was making deliveries, travelling to customer sites, and performing other tasks without compensation.

41.     The failure to pay Plaintiff for all hours worked was willful within the meaning of the FLSA, entitling Plaintiff to liquidated damages.

## COUNT TWO –FAILURE TO PAY OVERTIME

42.     The allegations set forth in paragraphs 1-35 above are incorporated by reference as though fully set forth herein.

43.     From March 1, 2016 and thereafter, Plaintiff worked in excess of 40 hours per week.

44.     Plaintiff was not subject to an exemption from the overtime requirements of the FLSA.

45.     Plaintiff was entitled to overtime pay at one-and-one-half times his regular rate for all hours worked in excess of 40 hours per week.

46.     Defendants' failure to pay Plaintiff overtime has resulted in lost wages and other damages.

47.     Defendants' failure to pay Plaintiff overtime as required under the FLSA was willful, entitling Plaintiff to an award of liquidated damages.

## COUNT THREE - CLAIM FOR ATTORNEYS FEES

48.     The allegations set forth in paragraphs 1-35 above are incorporated by reference as though fully set forth herein.

49.     Plaintiffs are entitled to payment of reasonable attorneys' fees, costs and expenses under FLSA and under other applicable law.

7

WHEREFORE, Plaintiffs request that this Court:

1.     Provide for issuance of summons naming all Defendants herein;

2.     Declare that Defendants violated the Fair Labor Standards Act;

3.     Declare that Defendants' violations of the FLSA were willful;

4.     Grant judgment to Plaintiff for claims for overtime wages;

5.     Grant judgment to Plaintiff for liquidated damages;

6.     Enter an Order enjoining further FLSA violations by Defendants through failure to pay overtime premiums;

7.     Award Plaintiff costs and reasonable attorney's fees incurred in bringing this action; and

8.     Grant such further relief as the Court finds proper.

Respectfully submitted this _____2_____ day of April, 2018.

E. Linwood Gunn, IV
Georgia State Bar Number 315265
Attorney for Plaintiff

Roach, Caudill & Gunn, LLP
111 West Main Street
Canton, Georgia 30114
Phone:      (770) 479-1406
Facsimile:   (770) 479-6171
lgunn@rcglawyers.com

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ADAM STRAYHORN, | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| v. | ) | |
| | ) | NO. _____ |
| UNIBLOC-PUMP, INC., a Georgia | ) | |
| Corporation, HARRY SODERSTROM, | ) | |
| and BHAVESH PATEL, | ) | |
| | ) | |
|     **Defendants.** | ) | |
| | ) | |

## CERTIFICATION UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Plaintiff hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this ___2___ day of April, 2018.

E. Linwood Gunn, IV
Georgia State Bar Number 315265
Attorney for Plaintiff

9

ROACH, CAUDILL & GUNN, LLP
111 West Main Street
Canton, Georgia 30114
Phone:        (770) 479-1406
Facsimile:    (770) 479-6171
lgunn@rcglawyers.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ADAM STRAYHORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO. _____ |
| UNIBLOC-PUMP, INC., a Georgia | ) | |
| Corporation, HARRY SODERSTROM, | ) | |
| and BHAVESH PATEL, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the ___2___ day of April 2018, I electronically filed *Complaint for Equitable Relief and Damages* with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Christopher G. Moorman – cgm@moormanpieschel.com

E. Linwood Gunn, IV
Georgia State Bar No. 315265

ROACH, CAUDILL & GUNN, LLP
111 West Main Street
P.O. Box 677
Canton, Georgia  30114-0677
Phone:  770-479-1406
Fax:     770-479-6171

11