IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADAM STRAYHORN,<br><br>    Plaintiff,<br><br>v.<br><br>UNIBLOC-PUMP, INC., HARRY SODERSTROM, and BHAVESH PATEL,<br><br>    Defendants. | CIVIL ACTION FILE NO:<br><br>1:18-cv-01391-WMR |

## ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment. [Doc. 48]. After due consideration of the motion and oral argument by both parties, the Court finds summary judgment is improper at this time. Accordingly, Defendant's Motion for Summary Judgment [Doc. 48] is **DENIED**.

## I.   DISCUSSION

This case concerns whether Defendant is entitled to an FLSA executive exemption under 29 U.S.C. § 213(a)(1). The issue on summary judgment is whether Plaintiff's primary duty was management pursuant to 29 C.F.R. 541.100(a)(2). Considering each primary duty factor under 29 C.F.R. § 541.700(a), the evidence is sufficient for a reasonable jury to conclude Plaintiff's primary duty was not management. As a result, the Court cannot conclude as a matter of law Defendant is entitled to an executive exemption.

First, the parties dispute whether Plaintiff's nonexempt duties were relatively more important than his exempt duties under 29 C.F.R. § 541.700(a). The Court can only conclude as a matter of law Plaintiff's exempt duties were more important than non-exempt duties when the

evidence proves as much. *See Diaz v. Team Oney, Inc.*, 291 F. App'x 947, 949 (11th Cir. 2008). Here, the evidence does not demand a finding as a matter of law that Plaintiff's managerial obligations were more important than his pump-building duties because Plaintiff was the only pump builder in Defendant's employ who knew how to build certain pumps. [Doc. 52, 74/11-19].

Moreover, the parties dispute whether Plaintiff spent 90% of his time building pumps. [Doc. 51, 254/16-17; doc. 57, ¶ 3]. "[W]here an employee spends the majority of his time on non-exempt work and has admittedly few managerial-type obligations, there is at least a factual question as to whether the non-exempt duties are comparatively more important than the exempt duties. Such determinations of fact . . . are within the exclusive province of a jury." *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 678 n.1 (11th Cir. 2009). Consequently, this factual dispute requires jury resolution.

Second, a reasonable jury could conclude the "time spent" factor weighs in Plaintiff's favor under 29 C.F.R. § 541.700(a). Resolving all factual disputes in the nonmovant's favor, Plaintiff spent 90% of his time performing non-exempt tasks, "a far cry from the DOL's 50% guideline for management tasks." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1269 (11th Cir. 2008); [Doc. 51, 254/16-17; doc. 57, ¶ 3]. Additionally, a reasonable jury could conclude the "freedom from direct supervision" and salary factors under 29 C.F.R. § 541.700(a) weigh in Plaintiff's favor.

While Defendant contends Plaintiff performed undisputed managerial functions that entitle Defendant to an executive exemption [Doc. 62, ¶ 31], "[t]he Eleventh Circuit has rejected a 'categorical approach' to deciding whether an employee is an exempt executive." *Chin Hui*

*Hood v. JeJe Enterprises, Inc.*, 207 F. Supp. 3d 1363, 1373 (N.D. Ga. 2016) (quoting *Morgan*, 551 F.3d at 1269).

Based on the foregoing, the Court cannot conclude as a matter of law Defendant is entitled to an FLSA executive exemption. Thus, Defendant's Motion for Summary Judgment [Doc. 48] is **DENIED**.

SO ORDERED this 24th day of June, 2019.

_____
WILLIAM M. RAY, II
United States District Court Judge